IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

MURDALE TRUE VALUE, )
and KEVIN D. HARRISON, )
)
          Plaintiffs, )
)
vs. ) Case No. 09-cv-0573-MJR-PMF
)
KENNETH J. RICHARDET, )
LESLIE J. RICHARDET, )
EUGENE B. STURM, )
VIRGINIA C. STURM, )
BRAD BADGLEY, )
REHAB MISSOURI, LLC, )
PAUL OLIVER, )
JEAN OLIVER, )
and GEICO, )
)
          Defendants. )

## MEMORANDUM AND ORDER

Reagan, District Judge:

Following a three-vehicle collision, Kenneth Richardet, Leslie Richardet, Eugene Sturm and Virginia Sturm ("the four original Plaintiffs") filed suit in this Court against Kevin Harrison (the driver of the truck that struck their cars) and Murdale True Value (Harrison's employer, who owned the truck). *See Case 07-cv-0368.* In March 2009, a jury returned verdicts in favor of the four original Plaintiffs and against Murdale and Harrison as follows:

    $21,000 to Kenneth Richardet,
    $24,000 to Leslie Richardet,
    $27,000 to Eugene Sturm, and
    $41,000 to Virginia Sturm.

Those totals included damages for reasonable medical expenses.

On March 13, 2009, the undersigned Judge signed (and the Clerk of Court entered) a judgment against Murdale and Harrison in the amount of $113,000, to be paid to the four original Plaintiffs as above-delineated (Doc. 87 in Case No. 07-cv-0368). The Court denied a new trial motion in June 2009. Issues regarding costs are referred to Magistrate Judge Clifford J. Proud and recently have been briefed, but the litigation otherwise is concluded here.

Six weeks ago, Murdale and Harrison (Defendants in the underlying action) filed the above-captioned lawsuit here, Case No. 09-cv-0573. This suit, in the nature of an interpleader action, names 9 defendants: the four original Plaintiffs (who hold a judgment for $113,000 via the jury verdicts) plus (5) their lawyer, Brad L. Badgley, (6) Rehab Missouri, LLC, (7) Paul Oliver, (8) Jean Oliver, and (9) Geico. The action was randomly assigned to the Honorable J. Phil Gilbert, who transferred it to the undersigned Judge in early August 2009.

The complaint invokes subject matter jurisdiction under 28 U.S.C. § 1335(a)(1), which vests federal district courts with original jurisdiction over civil actions "in the nature of interpleader filed by any person, firm, or corporation … having money or property of the value of $500 or more… or being under any obligation … to the amount of $500 or more, if … two or more adverse claimants, of diverse citizenship" claim entitlement to that money.

The complaint alleges the following as to the citizenship of – and claims asserted by – the named defendants in this interpleader action.

Attorney Badgley, an Illinois citizen, has an attorneys' fee lien, thereby claiming a portion of the proceeds from the judgment in the underlying action. Rehab Missouri, LLC (doing business as "Rehab Xcel") is actually a corporation (not an LLC), is an Alabama and Missouri citizen, and has a lien of unknown amount for medical treatment rendered to the Richardets. Paul and Jean Oliver are Missouri citizens who registered a $35,759.15 consent judgment against the Richardets and Perma Glass Service Corporation in Illinois state court. Geico, a corporation and a citizen of Maryland and Washington, D.C., has asserted a claim for medical and hospital expenses paid on behalf of the Sturms, and "asserted this claim in a lawsuit filed in McCracken County, Kentucky on January 5, 2009 against Murdale and Harrison" (Doc. 2, pp. 2-3).

Murdale and Harrison ("M&H") explain that they are "in doubt" as to which of the 9 defendants is entitled to what portion of the judgment proceeds from the underlying action. They ask the undersigned Judge to resolve that question and moved the Court to allow them to deposit the $113,000 in the Court registry "in full satisfaction of the judgment against them *so that the defendants can litigate its disbursement*" (Doc. 2, p. 3). M&H further ask this Court to discharge them from all further liability, to restrain each of the 9 parties from bringing any suit against M&H for recovery of the judgment, and to award M&H their costs incurred with this action.

On August 18th, Magistrate Judge Frazier granted M&H's motion to deposit the $113,000 with the Clerk of Court. At that time, the case was not ripe for threshold review or tracking by the undersigned District Judge, because none of the 9 named defendants in this interpleader action had moved, answered or entered an appearance.

On September 2, 2009, attorney Badgley answered M&H's interpleader complaint, so the case is ready for threshold review and track.[1] The record currently before the Court cites no legal basis supporting the sweeping relief sought in the complaint.[2] Clearly, it is premature to issue a ruling restraining all other lawsuits or discharging M&H from all liability on claims about which this Court knows little (*e.g.*, the consent judgment involving the Olivers and "Perma Glass Service Corporation"). Indeed, at this juncture, the Court is not convinced that a separate federal interpleader action is the proper or best method to litigate the various claims mentioned in the complaint

---

[1] Mr. Badgley notes that he previously notified M&H of his attorney's lien, and that his contract with the four original Plaintiffs entitles him to 1/3 of all monies recovered, plus reimbursement of out-of-pocket expenses (see Doc. 18, p. 2). Badgley asks the Court to enter an Order allowing him to recover his attorney's fees and costs (*id.*, pp. 7-8).

[2] The Court is cognizant of the 1982 case cited by M&H's counsel in the letter to the undersigned Judge (which was copied to attorney Badgley and an attorney named Gregory G. Beck) enclosing a courtesy copy of the July 2009 complaint. But that citation appears nowhere in the record of this case, and defendants have had no opportunity to offer any relevant caselaw in response.

*or that this can be done without vacating or contravening the judgment in the underlying case, a judgment which obligates M&H to pay $113,000 to the four original Plaintiffs.*

However, subject matter jurisdiction has been properly pled, and one Defendant has answered. So it is appropriate to track the case and set deadlines to move it along, leaving for a later date the resolution of thornier questions. Accordingly, **the case is tracked as a "B"**, a firm trial date will be assigned, and a standard discovery schedule will be entered.

IT IS SO ORDERED.

DATED this 9th day of September 2009.

                                            *s/ Michael J. Reagan*
                                            MICHAEL J. REAGAN
                                            United States District Court