IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MURDALE TRUE VALUE, and KEVIN D. HARRISON, | ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) Case No. 09-cv-0573-MJR-PMF ) |
| KENNETH J. RICHARDET, LESLIE J. RICHARDET, EUGENE B. STURM, VIRGINIA C. STURM, BRAD BADGLEY, REHAB MISSOURI, LLC, PAUL OLIVER, JEAN OLIVER, and GEICO, | ) ) ) ) ) ) ) ) ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

Reagan, District Judge:

Underlying this interpleader action is a March 13, 2009 judgment based on jury verdicts in a prior case – ***Richardet, et al. v. Murdale True Value, et al.*, Case No. 07-cv-0368**. The above-captioned interpleader action names nine Defendants: (1-4) the four plaintiffs from the prior case ("the original plaintiffs") who hold a judgment for $113,000 via the jury verdicts in that lawsuit, (5) their lawyer, Brad L. Badgley, (6) Rehab Missouri LLC, (7) Paul Oliver, (8) Jean Oliver, and (9) Geico. The original plaintiffs (the Richardets and the Sturms) and attorney Badgley timely answered (see Docs. 18, 23, 24) and moved for summary judgment (Docs. 26, 27, 31).

On October 20, 2009, interpleader Plaintiffs Murdale and Harrison obtained a clerk's entry of default against Defendants Rehab, the Olivers, and Geico.  Only Rehab timely moved to set aside the clerk's entry of default (see Doc. 35), a motion which is referred to United States Magistrate Judge Philip M. Frazier.  Now before the undersigned District Judge is Murdale and Harrison's motion for default judgment as to the Olivers and Geico (Doc. 38), under Federal Rule of Civil Procedure 55(b).  That motion will be granted.

Docketing information reveals the following.  Geico was served on August 7, 2009 (see Doc. 7).  Paul and Jean Oliver waived service August 18, 2009 (see Doc. 14).  All three failed to timely move, answer or otherwise plead in response to the complaint. Judge Frazier properly granted the motion for clerk's entry of default under Federal Rule of Civil Procedure 55(a) on October 20, 2009.  The three Defendants named in the motion for default judgment are not minors, incompetent persons, or parties who have appeared in this case.

Rule 55(b) authorizes default judgment against these three parties and requires no further notice, briefing or hearing.  The Court hereby **GRANTS** the motion for default judgment (Doc. 38) and **FINDS** that Geico, Paul Oliver and Jean Oliver are not entitled to any share of the judgment proceeds in this interpleader action.

The Clerk's Office shall enter judgment accordingly at the close of this entire action.

Finally, as to the three summary judgment motions (Docs. 26, 27 and 31), the Court **DIRECTS** that responses be filed no later than November 30, 2009, and reply briefs (if any, no longer than 3 pages) are due by December 9, 2009.

IT IS SO ORDERED.

DATED November 12, 2009.

        s/ Michael J. Reagan
        MICHAEL J. REAGAN
        United States District Judge