IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| MURDALE TRUE VALUE, and KEVIN D. HARRISON, | ) ) ) | |
| Plaintiffs, | ) ) | |
| vs. | ) ) | Case No. 09-cv-0573-MJR-PMF |
| KENNETH J. RICHARDET, LESLIE J. RICHARDET, EUGENE B. STURM, VIRGINIA C. STURM, BRAD BADGLEY, REHAB MISSOURI, LLC, PAUL OLIVER, JEAN OLIVER, and GEICO, | ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

MEMORANDUM AND ORDER

Reagan, District Judge:

A March 2009 judgment based on four jury verdicts totaling $113,000 in a prior case – ***Richardet, et al. v. Murdale True Value, et al.*, Case No. 07-cv-0368** – underlies the above-captioned interpleader action. This interpleader action was filed by the two defendants from the original lawsuit (Murdale and Harrison or "M&H"). In the interpleader complaint, M&H invoked subject matter jurisdiction under 28 U.S.C. § 1335(a)(1), alleged that they are in doubt as to which of the 9 adverse claimants is entitled to what portion of the judgment proceeds from the underlying action, and asked this Court to resolve that question.

M&H deposited the $113,000 judgment total in the Court registry on September 10, 2009 (after which the funds were placed in an interest-bearing account) and filed proofs of service (summonses and waivers) as to the 9 adverse claimants named as interpleader Defendants.

5 of 9 Defendants timely answered and promptly moved for summary judgment – attorney Brad Badgley, Mr. and Mrs. Richardet, and Mrs. and Mrs. Sturm. An entry of default was made as to the other 4 Defendants on October 20, 2009, and vacated December 16, 2009 as to the one of them (Rehab Missouri).[1] Default judgment was granted as to the final three Defendants (Geico, Paul Oliver, and Jean Oliver).

The three summary judgment motions are ripe. The Court's November 12, 2009 Order (Doc. 39) set a November 30, 2009 deadline for any responses. No response was filed, nor did anyone seek to extend the deadline to oppose any of the three motions. Local Rule 7.1(c) provides that failure to timely oppose a summary judgment motion may be considered an admission of the merits of the motion. Bearing that in mind, the Court turns to the first motion – filed October 13, 2009 by Brad Badgley (Doc. 26).

The record before this Court (including the extensive material

---

[1] In its answer, Rehab Missouri alleges that it has liens for medical treatment rendered to the Richardets and seeks an award of $47,769.60 or as much of this amount as can be satisfied from judgment proceeds (Doc. 43, p. 3).

submitted with the verified answer at Doc. 18) establishes that Badgley, who represented all four plaintiffs in the original action, holds a valid lien and is entitled to recover his attorney's fees and costs from the judgment proceeds. ***See* 770 ILCS 5/1, *et seq.; People v. Philip Morris, Inc.*, 759 N.E.2d 906, 911 (Ill. 2001)(setting forth requirements for effective lien in Illinois).** The Court, having reviewed the documentation as to Badgley's costs and expenses, finds them reasonable, customary and appropriate.

Moreover, Rehab Missouri failed to timely oppose or object to Badgley's motion (or the other two motions) for summary judgment. Badgley's motion was filed October 13, 2009. Under the Local Rules then in place, responses were due by mid-November 2009. Cognizant that Rehab Missouri's attorney had just entered on November 5, 2009, the undersigned Judge (on November 12, 2009) issued an Order allowing summary judgment responses to be filed through November 30, 2009 (*see* Doc. 39). No response was filed by that deadline, and no request for additional time to respond was filed in the seven weeks since it expired. Local Rule 7.1(c) of this District provides that failure to timely respond to a dispositive motion may be "considered an admission of the merits of the motion." Represented by counsel, Rehab has failed to respond to Badgley's summary judgment motion.

Additionally, the Court notes that if Rehab Missouri is entitled to share in the judgment proceeds via liens for medical treatment rendered to the

Richardets (as suggested in Rehab's answer at Doc. 43, p. 3), Badgley likely would be entitled to recover fees in the amount of one-third of that lien under the common fund doctrine, since Badgley created a common fund as a result of his legal services. ***See, e.g., Stevens v. Country Mutual Ins. Co.*, 903 N.E.2d 733, 736 (Ill. App. 2009).** Clearly, no genuine issues of material fact exist as to Badgley's entitlement to the proceeds, and he is entitled to his fees and costs as a matter of law.

For all these reasons, the Court **GRANTS** the October 13, 2009 motion for summary judgment (Doc. 26) in favor of Interpleader Defendant Brad Badgley and **FINDS** that he is entitled to the interpleader proceeds as follows.

As to Kenneth Richardet Verdict ($21,000):
| | |
|---|---|
| Attorney's Fees = | $ 6,300.00 |
| Costs = | $ 6,616.66 |
| **Total =** | **$12,916.66** |

As to Leslie Richardet Verdict ($24,000):
| | |
|---|---|
| Attorney's Fees = | $ 7,200.00 |
| Costs = | $ 8,195.55 |
| **Total =** | **$15,395.55** |

As to Eugene Sturm Verdict ($27,000):
| | |
|---|---|
| Attorney's Fees = | $ 9,000.00 |
| Costs = | $ 8,934.43 |
| **Total =** | **$17,934.43** |

As to Virginia Sturm Verdict ($41,000):
| | |
|---|---|
| Attorney's Fees = | $ 13,666.67 |
| Costs = | $ 10,984.62 |
| **Total =** | **$24,651.29** |

As to the Richardets' verdicts, the Court has awarded only 30% to Mr. Badgley (as opposed to the 33⅓% provided in the contracts the Richardets executed when retaining Badgley) for the following reason. There are no health care liens as to the Sturms. But Both Badgley's answer (Doc. 18, p. 6) and Rehab Missouri's answer (Doc. 43, p. 3) indicate that Rehab Missouri asserts liens against the Richardets for services allegedly rendered in treatment of the Richardets' injuries in the underlying suit, and those liens exceed 40% of the sum due the Richardets, triggering provisions of Illinois lien statutes. ***See Illinois Attorney's Lien Act, 770 ILCS 5/1, and Health Care Services Lien Act, 770 ILCS 23/10***. Having adjusted the recoverable attorney's fees on that basis in the figures above, the Court finds that Badgley's total fees and costs to be recovered from the four verdicts/judgment proceeds is **$70,897.93**

The Court next resolves the fully briefed motion filed by Eugene and Virginia Sturm on October 20, 2009 (Doc. 27). As mentioned above, no health care services liens are asserted against the Sturms, and no party objected to their motion by the November 30, 2009 deadline or sought additional time to do so. The Sturms are entitled to the jury verdicts less the attorney's fees and costs awarded to Mr. Badgley. No genuine issues of material fact remain as to the Sturms' right to interpleader proceeds, and the Sturms are entitled to summary judgment as a matter of law.

Accordingly, the Court **GRANTS** the Sturms' motion (Doc. 27) and

**FINDS** them entitled to the amounts of interpleader proceeds as follows:

  Eugene Sturm: $27,000.00 jury verdict less
         $17,934.43 attorney's fees & costs =
         **$ 9,065.57** (with $3,667.63 withheld in escrow
              by his attorney for payments made
              on Eugene's behalf by Medicare,
              for a net recovery of $5,397.94)

  Virginia Sturm: $41,000 jury verdict less
          $24,651.29 attorney's fees & costs =
          **$16,348.71**

These three disbursements from the interpleader fund total $96,312.21, which leaves $16,687.79.

The Court now turns to the third summary judgment motion, filed by the Richardets with supporting brief on October 26, 2009 (Doc. 31), to which no response or objection was filed. For the same reasons outlined above, and just as was done with the Sturms' verdicts (other than the fact that the attorney's fees are adjusted to 30% for the Richardets), the Court **GRANTS** the Richardets' summary judgment motion (Doc. 31) and **FINDS** them entitled to recover from the interpleader funds the jury verdicts less the attorney's fees and costs awarded to Mr. Badgley. Those totals are as follows:

  Kenneth Richardet: $21,000.00 jury verdict less
           $12,916.66 attorney's fees & costs =
           **$8083.34**

  Leslie Richardet: $24,000 jury verdict less
          $15,395.55 attorney's fees & costs =
          **$8604.45**

As delineated above, the Court **GRANTS** the motions for summary

judgment (Docs. 26, 27, 31) in favor of Brad Badgley, Eugene Sturm, Virginia Sturm, Kenneth Richardet and Leslie Richardet,[2] as follows:

| | |
|---|---|
| Brad Badgley: | **$70,897.93** |
| Eugene Sturm: | **$9,065.57** (with the portion escrowed to his attorney noted above) |
| Virginia Sturm: | **$16,348.71** |
| Kenneth Richardet: | **$8083.34** |
| Leslie Richardet: | **$8604.45** |
| | $113,000.00 total deposited with Clerk. |

One final matter merits discussion, which impacts the amount of the checks to be distributed to the above-listed parties. The interpleader proceeds of $113,000 were placed in an interest-bearing account on September 10, 2009. As of January 20, 2010, that account had earned a total of $2.82.

Administrative Order #4 of this District Court (10/2/2002) instructs that the Clerk's Office shall retain 10% of the interest earned on any deposit. So of the $2.82 interest earned, the Clerk's Office shall retain **28 cents** (to be deposited into the General Fund). The remaining **interest of $2.54** shall be shared between the four plaintiffs from the underlying suit (the Sturms and

---

[2] In this interpleader action, the "Plaintiffs" (Murdale and Harrison) simply deposited the contested funds (judgment proceeds from the underlying case) and are hereby **DISMISSED** from the action. Judgment is not entered *against* Murdale and Harrison. It is just entered in favor of 5 Interpleader Defendants who will take a portion of the proceeds.

Richardets) on a pro rata basis using their jury verdicts:

>   Eugene Sturm (23.9% of $2.54 interest) = 61¢ interest,
>   Virginia Sturm (36.3% of $2.54 interest) = 92¢ interest,
>   Kenneth Richardet (18.6% of $2.54 interest) = 47¢ interest,
>   and Leslie Richardet (21.2% of $2.54 interest) = 54¢ interest.

Resolution of the three pending motions results in distribution of the entirety of the $113,002.82 interpleader proceeds. **The Clerk of Court shall issue checks and distribute those funds with checks made payable to the following persons in the following amounts**:

- **Brad Badgley:** **$74,565.56** ($70,897.93 in attys' fees & costs +$3667.63 to escrow for Medicare)

- **Eugene Sturm:** **$5,398.55** ($9,065.57 - $3667.63 + .61 interest)

- **Virginia Sturm:** **$16,349.63** ($16,348.71 + .92 interest)

- **Kenneth Richardet:** **$8,083.81** ($8083.34 + .47 interest)

- **Leslie Richardet:** **$8,604.99** ($8604.45 + .54 interest)

- **General Fund:** **$.28** (10% of $2.82 interest)
  **$113,002.82** total interpleader funds

Judgment will be entered in favor of the five above-listed parties, signed by this District Judge and entered by the Clerk of Court. All matters having been resolved, this case is now closed.

IT IS SO ORDERED.

DATED January 20, 2010.

> s/ **Michael J. Reagan**
> MICHAEL J. REAGAN
> United States District Judge